**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: ) | BK Petition No.: 18-20017-GLT |
| ) | |
| MICHAEL C. CYRILLA, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| JOSEPH M. ERITANO and PAMELA ) | |
| J. ERITANO ) | |
| ) | |
| Movants ) | |
| ) | |
| v. ) | Hearing Date: 9 January 2020 @ 10:00 |
| a.m.x:x x.m. | |
| ) | Objection Deadline: 18 December 2019 |
| MICHAEL C. CYRILLA, Debtor, and ) | |
| ROSEMARY CRAWFORD, Trustee ) | |
| ) | |
| Respondents ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Movants, Joseph M. Eritano and Pamela J. Eritano, by their attorney, Robert Goldman, Esquire hereby requests a termination of the Automatic Stay and leave to foreclose on the mortgage on real property owned by Michael C. Cyrilla (the "Debtor") and non-debtor, Denine Cyrilla (debtor's ex-wife) and in support avers as follows:

**JURISDICTION AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this matter pursuant to 18 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in the Motion are 11 U.S.C. § 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## PROCEDURAL AND FACTUAL BACKGROUND

4. Movants are Joseph M. Eritano and Pamela J. Eritano ("Eritanos"), who are jointly secured creditors in the above referenced bankruptcy. *See* Claim 5-1 and 5-2.

5. The Debtor and his ex-wife, Denine Cyrilla (a non-debtor) are the joint owners of the premises located at 519 Thorn Run Road, Coraopolis, PA 15106 (hereinafter "the Property").

6. Movant and his wife (Pamela J. Eritano) are the holders of two promissory notes on the Property. The first executed on August 20, 2004 was for the purchase of the Property in the principal amount of $254,734.00 and was executed by both debtor and Denine Cyrilla (the "First Note"). The second Note was executed by debtor on March 5, 2014, and in the original principal amount of $168,715.00 (the "Second Note") (collectively, the "Notes").

7. Debtor's monthly mortgage payment for the Notes is $4,205.26.

8. The two Notes are secured by a mortgage on the Property which was executed on August 20, 2004, signed by both debtor and Denine Cyrilla, and payable to the Eritanos in the original principal amount of $254,734.00 (the "Mortgage"). The Second Note contained a clause that it would also be secured by the previously recorded mortgage, payable to the Eritanos in the original principal amount of $168,715.00 (the "Second Note") (collectively, the "Notes") (collectively with the Mortgages, the "Loan Documents").

9. True and accurate copies of the Loan Documents are attached to the Eritanos' claim filed in this Court. *See* Claim 5-1 and 5-2.

10. On or about November 13, 2017, Movants initiated foreclosure proceedings in the Court of Common Pleas of Allegheny County, Pennsylvania, at docket number GD 17-015256, because of Debtor's failure to make the monthly payments required thereunder.

11. On or about January 2, 2018 (the "Petition Date"), Debtor filed for protection under Chapter 11 which stayed the aforesaid mortgage foreclosure proceedings.

12. Pursuant to Claim 5-1, as amended by Claim 5-2, the balance due under the Notes as of the Petition Date was $289,396.67.

13. The Property is a warehouse which was previously used in Debtor's landscaping business, Cyrilla Landscaping & Supply Co. Inc.

14. By order dated August 25, 2019 (document number 178), this Honorable Court converted Debtor's individual Chapter 11 bankruptcy to a Chapter 7 (the "Conversion Date").  On the Conversion Date, this Court also ordered Debtor's business bankruptcy (docket number 17-23819-GLT) to be converted from a Chapter 11 to a Chapter 7.

15. Upon information and belief, the Debtor no longer operates his business using the Property.

16. Further, upon information and belief, the Debtor does not generate any revenue from the Property, and this is apparent from the Debtor's filings in the present case.

17. Based on the Allegheny County assessed value, it is believed that the current market value of the Property is approximately $226,200.00.

18. Since converting to Chapter 7, Debtor has failed to tender adequate protection payments.

19. As a result, the Debtor is past due for all monthly payments due under the Notes beginning with the monthly payments due for January 2018, the Petition date, although it is acknowledged that Debtor made partial payments of $1,500.00 per month as adequate

protection while in Chapter 11.  As of October 30, 2019, the Debtor is in arrears in the total sum of $258,538.00.

20. On January 19, 2019, this Court entered an amended order directing Debtor to pay the 2018 real estate taxes within 60 days and to pay the 2019 real estate taxes when due (see document number 133).  Debtor has failed to pay the post-petition real estate taxes despite a court order to do so.  As of the date of this Motion, Moon School District real estate taxes and penalties are due for $43,836.63, representing the tax years of 2014 through 2019.  Moon Township real estate taxes and penalties are due for $4,854.38, representing the tax years of 2014 through 1019.  Finally, Allegheny County real estate taxes and penalties are due for $5,718.23, representing the tax years of 2015 through 2019.

21. The Eritanos are currently waiting on proof that Debtor is maintaining a current policy of insurance for casualty and liability on the mortgaged premises.

22. On October 23, 2019, Debtor has filed a Statement of Intent seeking to reaffirm debts secured by his residence located at 775 Stonegate Drive, Wexford, PA and personal vehicles.  The Debtor has not filed a Statement of Intent concerning the Property.  As a result, it appears the Debtor plans to surrender the Property.

23. There are junior lienholders on the Property, including that of the Commonwealth of Pennsylvania, Department of Revenue for $3,506.67, McClymonds Supply & Transit Company, Inc. for $17,888.70, and the Internal Revenue Service for $144,395.70.

24. Other than the unpaid real estate taxes set forth above, there are no liens on the mortgaged premises that are senior to Movant's lien.

25. Based on the above, the Property, which has a value of $226,200.00, secures lien in the total sum of $455,187.74, exclusive of past due real estate taxes for $54,409.24.

26. As a result, neither the Debtor nor the bankruptcy estate has equity in the Property.

27. Further, the Property is not necessary for an effective reorganization, as the Debtor is in Chapter 7.  Moreover, even if the case is converted a Chapter 13 case, the Property is not necessary for an effective reorganization because the Property, which is not the primary residence of the Debtor, does not generate revenue or contribute positively to the Debtor's income.  As a result, should the Debtor seek to restructure his debt secured by the Property--a goal that would not be feasible in the first instance--doing so would put an undue strain on, and negatively impact, any potential distribution to unsecured creditors through a Plan.

28. Finally, the Eritanos lack adequate protection in the Property for the following reasons: first, the Debtor has not made monthly payments on the Property for many months; second, the Debtor has not paid pre- or post-petition real estate taxes on the Property despite Court order to do so; and, third, the Debtor has not provided proof of insurance on the Property, let alone insurance naming the Eritanos as additional loss-payees.

29. As such, cause exists to terminate the stay.

30. Movant requests that the Automatic Stay be terminated as to permit Movant to complete foreclosure of the Property pursuant to 11 U.S.C. §§ 362(d)(1) and (2).

31. Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

32. Movant requests that entry of an Order terminating the automatic stay *not* be stayed for fourteen (14) days despite Rule 4001(a)(3).

33. Respondent, Rosemary Crawford, Esquire, is the Trustee appointed by the Honorable Court.

WHEREFORE, Movant respectfully requests that this Court enter an Order

a. Terminating the Automatic Stay under 11 U.S.C. Section 362 of the Bankruptcy Code with respect to the Property as to permit the Movants, their heirs, successors and assigns, to foreclose on its Mortgages or take any legal or consensual action to enforce the Mortgages, including, but not limited to, obtaining judgment in mortgage foreclosure, executing on that judgment, placing a bid at a Sheriff's sale, making arrangements to or otherwise compelling access to the Property for purposes of pre-sale inspection, and to take their right of possession in the Property should the Eritanos be the successful bidders at a Sheriff's sale.;

b. Waiving the 14-day stay set forth in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

c. Granting any other relief that this Court deems equitable and just.

Dated: December 1, 2019                                        Respectfully submitted,


/s/ Robert Goldman
Robert Goldman, Esquire
Pa. ID #69679

300 Mt. Lebanon Blvd.
Suite 212
Pittsburgh, PA  15234
Tel: (412) 531-6879
E-mail: goldmanjustice@gmail.com