Case 18-20017-GLT    Doc 234    Filed 01/08/20    Entered 01/08/20 09:32:11    Desc Main
Document    Page 1 of 5

FILED
1/8/20 9:24 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 18-20017-GLT |
| | Chapter 7 |
| **MICHAEL C. CYRILLA**, | |
| *Debtor*. | |
| | |
| **MICHAEL C. CYRILLA**, | |
| *Movant*, | Related to Dkt. Nos. 220, 226 |
| v. | |
| **JOSEPH ERITANO AND PAMELA ERITANO**, | |
| *Respondents*. | |

Mary Bower Sheats, Esq.  
Mary Bower Sheats, Attorney at Law  
Bridgeville, PA  
Attorney for Mr. Cyrilla

Robert Goldman, Esq.  
Law Offices of Robert Goldman  
Pittsburgh, PA  
Attorney for the Eritanos

## MEMORANDUM OPINION

Unsuccessful in chapter 11 and apparently unhappy in chapter 7, Michael C. Cyrilla ("Mr. Cyrilla") now wishes to try his hand at chapter 13. Ultimately, his eligibility for conversion hinges on whether he may take advantage of debt reduction that occurred after he filed his chapter 11 petition twenty-four months ago. For the reasons set forth below, the Court finds that Mr. Cyrilla does not satisfy the eligibility requirements of 11 U.S.C. § 109(e)[1] and will deny the *Motion to Convert Case from Chapter 7 to Chapter 13*.

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or "Code" or "chapter" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention

**I.    BACKGROUND**

Mr. Cyrilla initiated the present case by filing a chapter 11 petition on January 2, 2018.[2] This is his second attempt to obtain financial respite through a chapter 11 within the past three years and is the fifth time he filed for bankruptcy relief.[3] At that time, Mr. Cyrilla reported total secured debt of $1,143,641 and unsecured claims of $496,692 on his schedules.[4] After more than a year in chapter 11, the Court converted his case to chapter 7 because he consistently failed to submit timely or reliable monthly operating reports, or otherwise demonstrate he was earning stable income.[5]

Mr. Cyrilla now seeks to obtain relief under chapter 13, asserting that conversion is necessary to "preserve his residence and personal property, including his vehicles," and that he is earning regular income that would enable him to propose a feasible chapter 13 plan.[6] Pamela and Joseph Eritano, mortgagees of a commercial property owned by Mr. Cyrilla in Coraopolis, Pennsylvania, oppose conversion, arguing, *inter alia*, that he is ineligible for chapter 13 relief because his debts at the time he filed his chapter 11 petition exceeded the debt limits for a chapter 13 case.[7] At a hearing held on December 5, 2019, Mr. Cyrilla conceded that he was ineligible for

---

and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq.* All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[2] The Court takes judicial notice of the docket events in this case as well as the contents of Mr. Cyrilla's schedules. U.S. Trustee v. Stone Fox Capital LLC (In re Stone Fox Capital LLC), 572 B.R. 582, 592 n.3 (Bankr. W.D. Pa. 2017).

[3] Mr. Cyrilla and his former spouse, Deborah Cyrilla, obtained a chapter 7 discharge in January 1997. See Case No. 96-22872-MBM. See also Case Nos. 16-22254-GLT, 16-24175-GLT, and 18-02137-GLT.

[4] *Summary of Your Assets and Liabilities and Certain Statistical Information*, Dkt. No. 16 at 1.

[5] *Order Converting Case from Chapter 11 to Chapter 7*, Dkt. No. 178. As of August 2019 when the case was converted, Mr. Cyrilla, despite the assistance of an accountant, was only able to provide corrected monthly operating reports for the period of September 22, 2017 through December 31, 2017, and had not filed any operating reports for the first seven months of 2019.

[6] *Motion to Convert Case from Chapter 7 to Chapter 13*, Dkt. No. 220.

[7] *Response in Opposition to Debtor's Motion to Convert From Chapter 7 to Chapter 13 Filed on October 31, 2019*, Dkt. No. 226.

chapter 13 relief on the petition date, but posited that the date of conversion, rather than the petition date, is now the operative date to determine eligibility.[8] To that end, Mr. Cyrilla argued that in light of payments and adjustments made to creditors during the pendency of the chapter 11 case, he now falls within the debt limits of chapter 13. At the conclusion of the hearing, the Court took the matter under advisement.

## II.    JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## III.    DISCUSSION

Given that Mr. Cyrilla's case was previously converted under section 1112, he does not enjoy an "absolute right" to conversion under section 706(a).[9] The Court may nonetheless permit a second conversion after weighing the interests of all parties and upon a showing by the debtor that conversion is being sought in good faith with an ability to succeed with the purposes of conversion.[10] Section 706(d), however, prohibits conversion "unless the debtor may be a debtor under such chapter."[11] Therefore, putting aside any other considerations, the Court cannot convert this case to chapter 13 unless Mr. Cyrilla is eligible to be a chapter 13 debtor.

---

[8]    Audio Recording of Hearing Held in Courtroom A, December 5, 2019 at 10:19:34-44.

[9]    See 11 U.S.C. § 706(a) ("The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112 . . . of this title"); see also Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 372 (2007) (discussing the "absolute right" to convert under section 706(a)).

[10]    See In re Reid, No. 18-21383-LSS, 2019 WL 1004707, at *3 (Bankr. D. Md. Feb. 26, 2019); In re Povah, 455 B.R. 328, 341 (Bankr. D. Mass. 2011); In re Buccolo, No. CIV.A.09-314 FLW, 2009 WL 2132435, at *8-11 (D.N.J. July 13, 2009); In re Anderson, 354 B.R. 766, 769 (Bankr. D.S.C. 2006).

[11]    11 U.S.C. § 706(d).

Section 109(e) provides that "[o]nly an individual with regular income that owes, **on the date of the filing of the petition**, noncontingent, liquidated, unsecured debts of less than $383,175 . . . may be a debtor under chapter 13 of this title."[12] Notwithstanding this clear requirement, Mr. Cyrilla argues that the Court should instead determine eligibility by considering the amount of his debt as of the proposed date of conversion. Doing so, however, ignores the statutorily described effect of conversion in section 348(a):

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, **but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief**.[13]

Put simply, the Bankruptcy Code requires that eligibility be determined as of the petition date, which conversion does not change.[14] For this reason, there is unanimous agreement among published decisions that postpetition events, such as the reduction of debts, are not considered in determining whether a debtor is eligible for the desired chapter.[15]

In this case, Mr. Cyrilla was ineligible for chapter 13 relief on the day he filed his chapter 11 petition, and he remains ineligible today.[16]

---

[12] 11 U.S.C. § 109(e) (emphasis added) (2018).

[13] 11 U.S.C. § 348(a) (emphasis added).

[14] See Campbell v. Bonney (In re Campbell), 313 B.R. 871, 874 (B.A.P. 10th Cir. 2004) (section 348 "makes clear that a debtor's petition date is not altered by conversion").

[15] See In re Schroeder Bros. Farms of Camp Douglas LLP, 602 B.R. 695, 699 (Bankr. W.D. Wis. 2019); In re Ash, 539 B.R. 807, 810 (Bankr. E.D. Tenn. 2015); In re Corson, No. 03-18160F, 2004 WL 5865045, at *6 (Bankr. E.D. Pa. June 25, 2004); In re Hansen, 316 B.R. 505, 509 (Bankr. N.D. Ill. 2004); In re Stairs, 307 B.R. 698, 701 (Bankr. D. Colo. 2004); In re Rohl, 298 B.R. 95, 100 (Bankr. E.D. Mich. 2003).

[16] Because conversion does not alter the petition date, the Court further notes that even had Mr. Cyrilla been eligible for chapter 13 relief, he would only have thirty-five months to complete a chapter 13 plan.

## IV. CONCLUSION

In light of the foregoing, the Court will deny the *Motion to Convert Case from Chapter 7 to Chapter 13*. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Dated: January 7, 2020

Case administrator to mail to:
Debtor
Debtor's Counsel
Rosemary C. Crawford, Esq.
Office of the United States Trustee